Case 3:17-cv-00370-DPJ-FKB Document 1 Filed 05/16/17 Page 1 of 15

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

BENJAMIN D. MC DONALD
JOSHUA M. LOFTON
JACOB CHAMPION
CHRISTOPHER CRAIG BENNETT
D'ANTE E. STEEL
JOSEPH E. EVANS
KEEONNA R. WELCH
JASPER D. WILLIAMS
~~DEXTER HOSEY~~
PRESTON LEWIS

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 16 2017
ARTHUR JOHNSTON
BY ______ DEPUTY

V.

CIVIL ACTION NO 3:17cv 370-DPJ-FKB

HINDS COUNTY BOARD OF SUPERVISORS
HINDS COUNTY SHERIFF'S DEPARTMENT
HINDS COUNTY SHERIFF: VICTOR MASON
WARDEN: MARY RUSHING
CAPTIAN: TRAVIS CRANE
CAPTIAN: LEON SHIELD
SERGEANT: LARSEY DAVIS
SERGEANT: DON JACKSON
SERGEANT: MRS. SHEPHERD
CORRECTIONS: DEPUTY: DEWAYNE OWENS
CORRECTIONS DEPUTY: MS. BROWN, (A-K-A STAPLETON)
CORRECTIONS DEPUTY: MR. DERA MOLA

CORRECTIONS DEPUTY: SHAQUITA LOTT
CORRECTIONS DEPUTY: TASHEBA MACK
CORRECTIONS DEPUTY: STEVE HEAVYWEIGHT
CORRECTIONS DEPUTY: MR. KENDRICKS
DEPUTY SHERIFF: MR. BALDWIN
DEPUTY SHERIFF: MR. DAVIS
DEPUTY SHERIFF/SERGEANT: SAMANTHA THOMAS
DEPUTY SHERIFF: COREY ~~TAYLOR~~ CARTER
DEPUTY SHERIFF: LARRY TAYLOR
DEPUTY SHERIFF: LARRY MITCHELL
DEPUTY SHERIFF: BRANDON WILLIAMS
DEPUTY SHERIFF: SANDERS
DEPUTY SHERIFF: STANLEY DOTSON
DEPUTY SHERIFF: SCOTT THORTON
DEPUTY SHERIFF: ERICA MOORE
DEPUTY SHERIFF: GARCIA
DEPUTY SHRIFF: MASTER SERGEANT WILLIAMS
DEPUTY SHERIFF: NICK BROWN et al.
OTHER JOHN AND JANE DOES,
EACH SUED IN HIS/HER INDIVIDUAL
AND OFFICIAL CAPACITIES.

# COMPLAINT WITH JURY DEMAND

## INTRODUCTION

This is a Civil rights Class action Filed by Benjamin McDonald, Joshua Lofton, Jacob Champion, Christopher Bennett, D'Ante Steel, Joseph Evans, Keeonna Welch, Jasper Williams, ~~Dexter Hesey,~~ Preston Lewis, pre-trial detainees for damages and injunctive relief under 42. U.S.C. § 1983, alleging inhumane/Barbaric Conditions of Confinement, excessive use of force and denial of medical Care in Violation of the Eighth Amendment to the United States Constitution and Confinement in punitive Segregation, all are in Violation of the Due Process Clause of the Fourteenth Amendment to the Constitution. The plaintiffs' "in-part," also alleges the torts of assaults and Battery, negligence, and deliberate indifference.

## JURISDICTION

1. The Court has jurisdiction over the plaintiffs' Claims of Federal Constitutional rights under 42 U.S.C. §§ 1331 (a) and 1343.

2. The Court has Supplemental Jurisdiction over the plaintiffs' State law tort claims under 28 U.S.C. § 1367.

## PARTIES

3. The plaintiffs, Benjamin D. McDonald, Joshua M. Lofton, Jacob Champion, Christopher Craig Bennett, D'Ante E. Steel, Joseph E. Evans, Keeonna R. Welch, Jasper D. Williams, ~~Dexter Hesey,~~ Preston Lewis, With the address being 1450 County FARM Road, Raymond, Ms. 39154.

4. Defendants Hinds County Board of Supervisors is the Municipality employed at the City of Jackson, Ms. County of Hinds, address is P.O. Box 686 Jackson, Ms., 39205

5. Defendant Hinds County Sheriff Victor Mason, is a Sheriff, employed at the City of Jackson, Ms. County of Hinds, who address is 407 Pasagoula Street, Jackson, Ms., 39201

6. Defendant(s) Warden Mary Rushing, Captain Travis Crane, Captain Leon Shields, Sergeant Larsey Davis, Sergeant Don Jackson, Sergeant Mrs. Shepherd, is the Warden / Supervisory Staff, employed at the City of Raymond, Ms. County of Hinds, Hinds County Detention Center (Jail), who address is 1450 County Farm Road Raymond, Ms. 39154

7. Defendant(s) Dewayne Owens, Ms. Brown, Mrs/Ms. Lomax, Mr. Dera Mola, Shaquita Lott, Tasheba Mack, Steve Heavyweight, Mr. Hendricks, and other John and Jane Does (Corrections deputies), employed at the Hinds County Detention Center (Jail) who address is 1450 County Farm Road, Raymond, Mississippi: 39154

8. Defendant(s) Baldwin, Davis, Samantha Thomas, Larry Mitchell, Larry Taylor, Corey Carter, Brandon Williams, ~~and~~ Sanders, Stanley Dotson, Scott Thorton, Erica Moore, Garcia, Master Sergeant Williams, Nick Brown, and other John and Jane Does, (deputy Sheriff), employed at the Hinds County Dentention Center (Jail), / Hinds County Sheriffs' Department with an address associated with each defendant, 1450 County Farm Road, Raymond, Mississippi: 39154

9. All the defendants have acted, and Continue to act, under Color of State law and/or practice or usage at all times ~~eere~~ relevant to this Complaint

# FACTS

10. Through out the Hinds County Detention Center (Jail), there are severe breakdowns that Constitutes Cruel and Unusual punishment, such as, Corporal Punishment, inadequate Furnishing. Shelter, Sanitation, personal hygiene, Food, Clothing, Ventilation & Heating, Lighting, Medical & Dental Care, personal Safety, and improper trash procedures, not to mention no program activities.

11. When it comes to furnishing, it is a disgrace; Certain toilets & Sinks don't work ie. (hot water or Cold water not working or one (1) Without the other), which is a basic life necessities, no tables or stools in inmates Cells to adequately write, Study, litigate, or as the case may be.

12. Some inmates do not recieve proper bedding such as mates to adequately Sleep; Some inmates only recieve uncovered cotton, in cases, may be four (4) inches in thickness as it is unsanitary, nor are there pillows afforded period

13. When it comes to the bunks (bedding), rust is a problem, the top of some or may be all bunks poses a risk of lock jaw and/or Staff infection or as the case may be;

14. The Shelter is very poor, on rainy days, hot or cold days the outside elements enters the living quarters as the ceiling leaks rain within, also, on Summer days no air conditioning provided to inmates as I draft this Complaint, everyday there has been sub-freezing temperatures outside with no heat to protect inmates from such element; Same as with the Summer days vice versa

15. The Showers are very inadequate to take a Shower, black mold

Case 3:17-cv-00370-DPJ-FKB Document 1 Filed 05/16/17 Page 6 of 15

that is present within poses a serious threat to ones future health, not to mention the filth that pertrudes and remains on the flooring & base of the wall

16. During long periods of time, the day area outside the Cells, the rain that leaks through the roof sits in the day area without means of cleaning rain water from the floor, even occasionally, at long periods of time, we are not afforded Cleaning Supplies to Sanitize toilets, cells and/or the day area

17. Inmates does not recieve toothpaste adequately, we only recieve such, every two (2) weeks, one (1) tube of toothpaste net weight (0.6 oz), as its contents provide Five (5) uses for Fourteen (14) days, Shaving Cream and/or razors are never issued

18. Based on "information & belief," the preparation of the food is poor, after the food trays are fixed in the kitchen, they sit outside the kitchen for 45 minutes or one (1) hour the most, then when they (trays) are placed in the (horse shoe), within the unit area, which sits for 20 & 30 minutes; thus, its Cold and poses a threat to the inhabitants that consume it, health in the future

19. Most of the jumpsuits are torn and worn, the Crouch area of the clothing are ripped past the threaded stopping along with worn out buttons or some with multiple missing ones, semi-exposing ones private parts, one (1) jumpsuit is provided to inmates; leaving them without a change of clothes to wear, while the other jumpsuits are ~~being~~ sent to the laundry, in cold and hot temperatures

20. A large number of inmates only recieved a piece of blanket and a piece of sheet and ordered to use such for taking showers and to dry off with unless someone sales you a towel & face rag to

Case 3:17-cv-00370-DPJ-FKB Document 1 Filed 05/16/17 Page 7 of 15

adequately take a Shower

21. The ventilation is poor or there is no Ventilation at all, as it is a necessity to such environment, it Causes airbourne germs to linger within the unit, and poses a threat to the inhabitants Wherein health

22. Some cells are without light to adequately read, write, Study and/or as the Case may be, not to mention wiring is exposed to be naked as they are live and hot

23. On A-3 (Unit A-3), two (2) of the plaintiffs' in this Suit, Cell does not work with the electronic device, and at times, it with not be opened because Staff can't find the rod to open plaintiffs' door manually as said Conditions threatens one life in case of a fire or as the emergency Case may be

24. The Medical Provider of the Hinds County Detention Center is inadequate, during periods of beatings of inmates by officers, the Corrections Deputies tells you they will Call to Medical Care to inform them of the incidents reported to them, as it is noticeable, however, the Corrections Deputies will tell you that you have to fill out a Medical Request Form to pay for a emergency situation for Institutional Violations

25. The personal Safety is poor, at times, there are only one (1) Corrections deputy for four (4) units within the units of (Unit-A), When there are occasional Security checks, Sheriffs' deputies Constantly beat on inmates throughout the (Jail), every single time they Conduct a Shakedown

26. Chemical agents are being used along with weapons, Such as Stun grenades, rubber bullets, etc., Without provocation, one reason they will

jump on you is for your alleged charges pending, another reason is because you have a blanket around your waist because one sends out his jumpsuit to get cleaned or it is not laundry time yet your jumpsuit is filthy from the last time during prior shakedown we have to lay face down on the floor, not to mention we will get beaten for just looking at deputies beating on others

27. Reflecting back to paragraphs 22 & 23, hazardous conditions, there are no fire sprinklers visible, the fire exits are welded shut, we have no evacuation in case of a fire, no smoke alarm system installed as it seems for we have none in the cells, and the Carbon Dioxide alarms are unworkable

28. There are no adult program activities afforded such as, periods of outside recreation, jobs, schooling, Substance Abuse, Counseling, or as the case may be, these rights & privileges of inmates have been denied for multiple aggregate years, the recreation yard doors are welded shut, all because one (1) or two (2) inmates misbehaved badly

29. There are no means for indigent inmates to communicate with their family, no indigent personal hygiene package if you do not or have never ordered canteen for months, there are no means to contact friends as well

30. There is "no" "disciplinary procedures" implemented within the Hinds County Detention Center (Jail), if an inmate recieves an infraction we are guilty as the infraction alleges, or inmates are placed in lock-down units without an infraction, much less than a disciplinary procedures, also, inmates are all punished for one (1) individual person disrupting or breaching security

31. All plaintiffs in this complaint were subjected to these barbaric conditions as it is ongoing now, as an aggregate whole, throughout our

Stay, Some plaintiffs were subjected to the excessive use of force, (in-part), yet as a whole; during oral testimony at a trial by jury or as the Case may be, will reflect the individual plaintiff's life may be in danger for filing this class action lawsuit, I pray this Court keeps this in mind.

## Claims For Relief

32. The actions of defendants' Mason, Rushing, Crane, Shield, Davis, Jackson, Shepherd, Owens, Brown, Lomax, Dera Mela, Lott, Mack, Heavy-Weight, Baldwin, Davis, Thomas, Mitchell, Williams, Taylor, Carter, Board of Supervisors, Hendricks, Sanders, Dotson, Thorton, Moore, Garcia, Williams, Brown, and other John and Jane Does, in using physical force against the plaintiffs' (in-part), without need or provocation, or in failing to intervene to prevent the misuse of force, were done maliciously and sadistically and Constituted Cruel and Unusual punishment, and a (Due Process Clause) violation of the Fourteenth Amendment to the United States Constitution

33. The actions of defendants' Jackson, Owens, Baldwin, Davis, Thomas, Mitchell, Taylor, Carter, Brown, Sanders, Dotson, Moore, Williams, Garcia, and other John and Jane Does, in using physical force against the plaintiffs; (in-part), without need or provocation Constituted the tort of assault and battery under the law of the State of MISSISSIPPI

34. The failure of defendants, Mason, Rushing, Crane, Shield, Davis, Shepherd, Owens, Brown, Lomax, Dera Mela, Hendricks, Lott, Mack, HeavyWeight, Board of Supervisors, and other John and Jane Does, to take disciplinary or other action to Curb the known pattern of physical abuse of inmates by defendants, Jackson, Baldwin, Davis, Thomas, Mitchell, Taylor, Carter, Brown, Sanders, Dotson, Thorton, Moore, Garcia, Williams, Williams, and other John and Jane

Case 3:17-cv-00370-DPJ-FKB Document 1 Filed 05/16/17 Page 10 of 18

Does, Constituted "deliberate indifference" to the plaintiffs and other pre-trial detainees Safety and Contributed to and proximately Caused the above described Violation of the Eighth and the (Due Process Clause) of the Fourteenth Amendment rights and assault and battery

35. The failure of defendants, Board of Supervisors, Mason, Rushing, Crane, Shield, and Davis, in acting to curb the breakdown of Conditions of Confinement, i.e. Shelter, Sanitation, Personal Hygiene, Food, Clothing, Medical Care, Personal Safety, Program Activities, Hazardous Conditions such as no fire exits, Sprinklers, fire exit plan, Dental Care, furnishings, Ventilation & Heating, Lighting, Corporal Punishment, Black Mold in Rooms (cells) and Showers, and basic life necessaties, when it comes to towels, face rags, toothpaste & tooth brushes, non-working sinks and toilets, also, improper trash Procedures. Outside elements entering the (Jail), No outside Recreation for multiple aggregate years, as well as, all complaint(s) within this suit, thus, the totalality of Circumstances Creates an atmosphere of deliberate indifference and negligent to the inhabitant(s) of said (Jail), Safety, Well Being, Health, or as the case may be; and Constitutes a Violation of the Eighth Amendment to the United States Constitution.

## RELIEF REQUESTED

WHEREFORE, plaintiffs' requests that Court grant the following relief:

A. ISSUE A DECLARATORY JUDGEMENT STATING THAT:

1. The physical abuse of the plaintiffs' by defendants Jackson, Owens, Baldwin, Davis, Thomas, Mitchell, Taylor, Carter, Brown, and other John and Jane Does, violated the plaintiffs rights under, the (Due Process Clause) to the United States Consti-

tution and Constituted an assault and battery under State Law.

2. Defendants' Mason, Rushing, Crane, Shield, Davis, Shepherd, Brown, Lomax, Dera Mola, Lott, Mack, Kendricks, Heavyweight, Owens, and other John and Jane Does(s), and Board of Supervisors failure to take action to curb the physical abuse of inmates, violated the plaintiffs' rights under the Eighth and Fourteenth Amendments to the United States Constitution and Constituted an assault and Battery under state law

3. Defendants' Board of Supervisors, Rushing, Crane, Shield, and Davis actions in failing to provide adequate furnishing, Shelter, Sanitation, Personal Hygiene, Food, Clothing, Heating & Ventilation, lighting, (in-part), Personal Safety, and activities, Trash Procedures, etc., for the plaintiffs violated, and continue to violate, the plaintiffs' rights under the Eighth and of the (Due Process Clause) of the Fourteenth Amendment to the United States Constitution

4. Defendants' Board of Supervisors, Rushing, Crane, Shield, and Davis, actions in failing to provide adequate Medical Care and/or Dental Care for the plaintiffs' violated, and Continue to violate, the plaintiffs' rights under the Eighth Amendment to the United States Constitution.

B. ISSUE AN INJUNTION ORDERING DEFENDANTS BOARD OF SUPERVISORS AND THEIR AGENTS TO:

1. Immediately act to Curb the inhumane Conditions of Confinement the inhabitants of the (Jail), are being Subjected to; and

2. Immediately implement a policy to instruct, direct, and Supervise the Subordinates, order necessary Supplies as needed thus, to reassure these Such Conditions "Can not" and "will not" ever happen

Case 3:17-cv-00370-DPJ-FKB Document 1 Filed 05/16/17 Page 12 of 15

again for current and/or future inmates; and

3. Carry out without delay, the actions directed by such Supervisory Officials.

C. ISSUE AN INJUNCTION ORDERING DEFENDANTS BOARD OF SUPERVISORS TO:

1. Immediately hire a new medical and Dental Care provider, hire professional Staff to accomodate all pre-trial detainees that inhabits its establishment wherein, adequate means of rehabilitation and Medical & Dental Care treatment; and

2. Immediately act to curb the hazardous Conditions of the (Jail), implement a policy that would be requisite which is prerequisite within the functioning of such establishment, afford adequate means of Outside recreation Continuously,

3. Carry out without delay the stipulation directed by Such Supervisory officials.

D. ISSUE AN INJUNCTION ORDERING DEFENDANTS Rushing, Mason, Crane, Shields, Davis, Jackson, Shepherd, Owens, Brown, Lomax, Dera Mola, Lott, Mach, Heavyweight, hendricks, Baldwin, Davis, Thomas, Carter, Tayler, Mitchell, Williams, Sanders, Dotson, Thorton, Moore, Garcia, Williams, Brown, and other John and Jane Does to:

1. Immediately resign from Corrections and public Safety peace officers; and

2. Never be able to seek employment to retain Corrections and/or public Safety peace officers duty anywhere in the United States of America

3. Carry out without delay the resignation directed by Said Corrections and public Safety peace officers.

E. Issue an Injuntion ordering defendants Mason and Rushing to:

1. Release Joshua Lofton, Jacob Champion, Christopher Bennett, Joseph Evans, Dexter Hosey, from custody with all pending charges dropped; and

2. Expunge the alleged charges from plaintiffs' record, due to the beatings sustained by defendants in this suit

F. Award Compensatory damages in the following amounts:

1. $ 150,000 jointly and Severally against defendants Rushing, Mason, Crane, Shield, Davis, Jackson, Shepherd, Owens, Brown, Lomax, Dera Mola, Lott, Mack, Heavyweight, Kendricks, Baldwin, Davis, Thomas, Carter, Taylor, Mitchell, Williams, Sanders, Dotson, Thorton, Moore, Garcia, Williams, Brown, and other John and Jane Does for the physical and emotional injuries sustained as a result of the plaintiffs' beatings

2. $ 15,000 Jointly and Severally against defendants Rushing, Mason, Crane, Shield, Davis, Jackson, Shepherd, Owens, Brown, Lomax, Dera Mola, Lott, Mack, Heavyweight, Kendricks, Baldwin, Davis, Thomas, Mitchell, Carter, Taylor, Williams, Sanders, Dotson, Thorton, Moore, Garcia, Williams, Brown, and other John and Jane Does, for the breach of duty to protect from assault

3. $ 50,000 jointly and Severally against defendants Rushing and Mason for the physical and emotional injury resulting from their failure to provide adequate dental and medical care to the plaintiff

4. $ 200,000 jointly and severally against defendants Board of Supervisors, Rushing and Mason for the Mental, emotional, with

the possibility of physical injury in the future. for the Barbaric / inhumane Conditions of Confinement plaintiffs were subjected to in the Hinds County Detention Center (Jail)

5. $ 10,000 jointly and Severally against defendants Board of Supervisors, Rushing, Mason, Crane, Shield, Davis, Jackson, Shepherd, Owens, Brown, Lomax, Dera Mola, Lott, Mack, Heavyweight, Baldwin, Davis, Thomas, Mitchell, Taylor, Carter, Williams, hendricks, Sanders, Dotson, Thorton, Moore, Garcia, Williams, Brown, and other John and Jane Does for additional funds as a result of violating plaintiffs' fundamental rights to the Constitution

G. Award Punitive Damages in the following amounts:

1. $ 20,000 each against defendants Board of Supervisors, Rushing, Mason, Crane, Shield, Davis, Jackson, Shepherd, Owens, Brown, Lomax, Dera Mola, Lott, Mack, Heavyweight, hendricks, Baldwin, Davis, Thomas, Mitchell, Taylor, Carter, Williams, Sanders, Dotson, Thorton, Moore, Garcia, Williams, Brown, and other John and Jane Does;

2. $ 10,000 each against defendants Board of Supervisors, Rushing, and Mason.

H. Grant Such other relief as it may appear that plaintiffs' are entitled to:

I declare under penalty of perjury that the following is true and correct, as ~~the~~ to the facts on information and belief, we believe to be true to the best of our knowledge.

DATE: APRIL 20, 2017

RESPECTFULLY SUBMITTED

S/ ~~Ben~~ Benjamin McDonald

S/ Lopper Williams

S/ D'Anté Steel

S/ Kurma Webb

S/ Joseph Evans

S/ Joseph Evans

S/ Jacus Champion

S/ Christopher Barnett

S/ Preston Lewis

S/ John Kyles

S/ ____________________

Case 3:17-cv-00370-DPJ-FKB Document 6-1 Filed 05/16/17 Page 1 of 2

BENJAMIN D. McDONALD ET AL.
77-42103
A3-5105
Hind Co. Det. Facility
1450 County Farm Road
Raymond, Ms. 39154

US POSTAGE PITNEY BOWES
ZIP 39201 $ 002.45⁰
02 1W
0001364707 MAY 15 2017

MAY 16 2017

LEGAL MAIL

Clerk, U.S. District Court
Southern District Of Mississippi
501 E. Court Street., STE 2.500
Jackson, Ms. 39201

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

NOTICE OF ASSIGNMENT

Case filed: **May 16, 2017**

Your case against **Hinds County Board of Supervisors, et al.** has been assigned Civil Action No. 3:17-cv-370-DPJ-FKB and has been referred to the following District Judge and Magistrate Judge:

***District Judge***

- ☐ Louis Guirola, Jr.
- ☒ Daniel P. Jordan, III
- ☐ Sul Ozerden
- ☐ Carlton W. Reeves
- ☐ Keith Starrett
- ☐ Henry T. Wingate
- ☐ William H. Barbour, Jr. (Senior Judge)
- ☐ David Bramlette, III (Senior Judge)
- ☐ Tom S. Lee (Senior Judge)

***Magistrate Judge***

- ☐ Linda R. Anderson
- ☒ F. Keith Ball
- ☐ John C. Gargiulo
- ☐ Michael T. Parker
- ☐ Robert H. Walker

***Division***

Clerk's Office, **Northern Division**
501 E. Court Street, Suite 2.500
Jackson, Mississippi 39201

**It is your responsibility to see that all pleadings and correspondence filed with this Court regarding this case contain the civil action number and judge designations.**

**If you wish to have a stamped filed copy of any pleading or document filed in this case returned to you, you will need to send an extra copy of the document along with a stamped self-addressed envelope. If you do not send an extra copy of the documents <u>and</u> a stamped, self-addressed envelope, this Court will be unable to return a copy to you.**

**<u>NOTICE FOR CHANGE OF ADDRESS</u>: When there is a change of address for the plaintiff, the plaintiff <u>must</u> notify this Court in writing in a separate document with the following specific information: (1) state the civil action number of the case; (2) state that the plaintiff is requesting this Court to change his address of record; (3) state the new address of the plaintiff and (4) if applicable, state the prisoner number of the plaintiff.**

**The failure to advise this Court of a change of address or failure to comply with any order of this Court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of your case.**